BETTY KAGAN, Plaintiff, *v.* PETER J. BAXTER, Receiver of Premises 2114 Aqueduct Avenue, Owned by 181ST STREET & AQUEDUCT AVENUE BUILDING CORP., Defendant.

City Court of New York, Bronx County, May 14, 1929.

*Isaac Elstein*, for the plaintiff.

*R. J. Scully*, for the defendant.

DONNELLY, J.   In her complaint the plaintiff alleges that while the tenant of an apartment in premises which are conceded to be within the designation of a tenement house, she severely lacerated one of her fingers as she was turning the handle of the hot water faucet in the bathroom of her apartment, and that the accident happened solely by reason of the defendant's negligence in permitting the faucet to become defective and out of repair, and of which condition the defendant had actual or constructive notice.

There was no evidence to show that the faucet itself was in any way cracked or broken.   At the end of July, 1927, complaint was made to the superintendent of the building that the faucet was loose; whereupon, the superintendent sent his assistant to the bathroom, who " dickered " with the faucet for about five minutes and told the plaintiff's sister, who had made the complaint, that he had " fixed it."   Thereafter the plaintiff's sister used the bathroom. She testified she found that the faucet was very tight, and, " unless you applied a lot of force, you could not open or close it."   The accident happened Labor Day, 1927.   Frequently before that day, the plaintiff used the bathroom, and, on each prior occasion, she succeeded in opening and closing the faucet.   When she was closing the faucet at the time of the accident, it broke.

Under section 102 of the Tenement House Law it is the duty of the landlord of a tenement house to keep the building and all parts thereof in good repair.   By section 103 it is provided: " Every tenement house shall have water furnished in sufficient quantity at one or more places on each floor occupied by or intended to be occupied by one or more families.   The owner shall provide proper and suitable tanks, pumps or other appliances to receive and to distribute an adequate and sufficient supply of such water at each

floor in the said house, at all times of the year, during all hours of the day and night."

Assuming the hot water faucet in question to be an appliance, I fail to see how any negligence on the part of the defendant was established. All that the evidence shows is that after complaint was made that the faucet was loose, it was tightened, and that the degree of pressure necessary to make it turn was dependent upon the force applied to it by the particular person using it. The case might be different if there were evidence that the faucet was even slightly cracked, so that, upon repetition of its use, it might break and injure the one handling it. Upon notice to the landlord of this condition, it would be his duty to remedy it, and if he failed in this respect, after such notice, he would be liable in damages if an injury ensued. It would be going too far, I think, to hold a landlord liable because he had not adjusted a faucet with that nicety of tightness which would render accident impossible no matter how great or little the force applied to it. This would be equivalent to saying, not only that the landlord must exercise due care in furnishing appliances, but a degree of care which relieves the user of all responsibility. The plaintiff's contention that the force required to make the faucet operate was more than the handle was able to resist, is refuted by the testimony that the faucet was frequently used without breaking it for at least a month before the accident.

Motion granted. Exception to plaintiff. Ten days' stay of execution and thirty days to make and serve case allowed. Order filed May 27, 1929, setting aside verdict and dismissing complaint.